Nader & Sons, LLC v Namvar (2021 NY Slip Op 03914)





Nader & Sons, LLC v Namvar


2021 NY Slip Op 03914


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Kapnick, J.P., Singh, Moulton, González, JJ. 


Index No. 654232/19 Appeal No. 14029 Case No. 2020-04777 

[*1]Nader & Sons, LLC, et al., Plaintiffs-Respondents,
v
Homayoun Namvar Also Known as Tony Namvar, Defendant-Appellant.


The Dratch Law Firm, P.C., New York (Daniel Lebersfeld of counsel), for appellant.
Seyfarth Shaw LLP, New York (Jeremy A. Cohen of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about June 3, 2020, which granted plaintiffs' motion for summary judgment in lieu of complaint and denied defendant's cross motion to dismiss, unanimously affirmed, with costs.
Plaintiffs seek repayment of a loan that was guaranteed by defendant. Supreme Court granted plaintiffs' motion for summary judgment renewing a judgment against defendant arising from the guarantee. At issue herein is whether the amount owed by defendant pursuant to his guarantee should be reduced by amounts collected by plaintiffs in connection with a note and a guarantee issued by nonparty Dan Shavolian (the Shavolian Instruments). Supreme Court answered this question in the negative, and we agree.
The text of a partial settlement agreement between plaintiffs and some of the parties to a pledge agreement setting forth collateral for the loan, the positions of the parties herein and other parties in related litigation, and the rulings of the courts here and in litigation in California all establish that plaintiffs acquired the Shavolian Instruments through the partial settlement agreement. Thus, the Shavolian Instruments were not collateral for the debt owed by defendant.
Moreover, defendant was precluded by the renewal of the judgment in California in 2015 from asserting defenses under the guaranty or a reduction in the debt for any amounts collected by plaintiffs prior to entry of the renewed judgment (see Popa v Winn Law Group, APC , 2019 WL 289832, *2-3, 2019 US Dist LEXIS 11676, *5 [CD Cal, Jan. 23, 2019, No. 17-CV-6804 (DSF RAOx)]) .
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021